Case 4:20-cv-03727   Document 22   Filed on 06/21/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE HIGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-03727 |
| | § | |
| LORI DAVIS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Lawrence Higgins, an inmate in the Texas Department of Criminal Justice, filed suit under 42 U.S.C. § 1983. He alleges that his prison cell, which he shares with another inmate, is too small in violation of the Eighth Amendment ban on cruel and unusual punishment. The defendants moved to dismiss and Higgins responded. Based on the pleadings, the motion, the response, and the applicable law, the defendants' motion is granted, and the complaint is dismissed with prejudice for the reasons set out below.

### I.  Background

Higgins alleges that he is being forced to share a 45 square foot cell with another inmate. He contends that this violates the Eighth Amendment.

### II.  Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

### III. Analysis

Higgins claims that federal courts have held that the Eighth Amendment requires a minimum of 50 square feet for a prison cell. *See* Response to Motion to Dismiss (Doc. # 17) at 3. He cites no authority in support of this contention.

In reality, the Supreme Court has held "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In *Rhodes*, the plaintiffs challenged the practice of double-celling inmates in an Ohio prison. The Court found that double-celling, by itself, did not violate the Eighth Amendment because the challenged conditions "did not lead to deprivations of essential food, medical care, or sanitation. Nor did it increase violence among inmates or create other conditions intolerable for prison confinement." *Id.* at 348. The Supreme Court expressly rejected the District Court's conclusion that the double-celling violated the Eighth Amendment because each inmate had less that the 50 square feet of space that Higgins now claims is constitutionally required. *Id.* As the Fifth Circuit noted a year after *Rhodes*, "*Rhodes* . . . hold[s] that the totality of the conditions of confinement does not offend the Constitution

unless prison conditions are cruel and unusual, and not merely harsh or restrictive." *Ruiz v. Estelle*, 679 F.2d 1115, 1139–40 (5th Cir.), *amended in part, vacated in part on other grds.,* 688 F.2d 266 (5th Cir. 1982).

Higgins cites nothing other than the size of his cell in support of his Eighth Amendment claim. Controlling precedent makes clear that this is insufficient to raise an Eighth Amendment claim.

### IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss, (Doc. # 12), is GRANTED, and the complaint is dismissed with prejudice.

SIGNED on June 21, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge